PHINIZY et al. v. AUGUSTA & K. R. CO. et al.

CENTRAL TRUST CO. OF NEW YORK v. PORT ROYAL & W. C. RY. CO.

(Circuit Court, D. South Carolina. November 5, 1894.)

1. JUDGMENT AGAINST RAILROAD—PERSONAL INJURIES—PRIORITIES.

Under Act S. C. Feb. 9, 1882, declaring that a judgment against a railroad company for personal injuries shall take precedence of a mortgage to secure bonds, such a judgment will not take precedence of a mortgage given before the act, but will of one given thereafter, and before the injury for which judgment is obtained.

2. RECEIVERS—PAYMENT OF JUDGMENTS.

Where, after the rendition of such judgment, a receiver of the road is appointed in suits to foreclose mortgages, he will not be directed to immediately pay the judgment; the road being utterly_ insolvent at the time of his appointment, and there being other like claims, and the amount available therefor being uncertain.

Suits by Charles H. Phinizy and Alfred Baker, trustees, against the Augusta & Knoxville Railroad Company and the Port Royal & Western Carolina Railway Company, and by the Central Trust Company of New York against the Port Royal & Western Carolina Railway Company, for foreclosure of mortgages and appointment of receiver. 56 Fed. 273; 62 Fed. 679, 771. Dora Madden petitions for payment of a judgment by the receiver therein appointed.

Haynsworth & Parker, for petitioner.

S. J. Simpson, for respondent.

SIMONTON, Circuit Judge. This is a petition praying payment of a judgment obtained against the Port Royal & Western Carolina Railway Company. The petitioner, a passenger on the train between Greenville and Laurens, was injured in her person, through the alleged negligence of the agents of the company, on the 29th April, 1890. She began her action against the company on 21st January, 1891, in the court of common pleas of the state of South Carolina, at Laurens Courthouse, and obtained a verdict for $5,000 in February, 1893. Judgment was entered on this verdict and costs on 9th of March, 1893. This judgment was affirmed by the supreme court, 27th July, 1894. 19 S. E. 951. She claims the verdict, with interest from 28th February, 1893, and costs, $97.45. Judgments in South Carolina carry interest after entry. Gen. St. S. C. § 1289. The prayer of the petition is (1) that the receiver be instructed to pay her the amount of her claims; (2) if he be not now in funds to do this, that he be directed to pay the claim out of any profits which may hereafter come into his hands from the operation of the road; (3) that the said judgment be declared and established as a lien on the profits, property, and franchises of the railroad company, having priority to any mortgage or deed of trust thereon, and for general relief.

The law in South Carolina in force when this action was brought and this judgment was rendered is as follows:

"Whenever a cause of action shall arise against any railroad corporation, for personal injury to property, sustained by any person or persons, and such cause of action shall be prosecuted to judgment by person or persons injured, or his or their legal representatives, said judgment shall relate back to the date when the cause of action arose, and shall be a lien as of that date of equal force and effect with the lien of employees for wages, upon the income, property and franchises of said corporation, enforceable in any court of competent jurisdiction, by attachment or levy and sale under execution, and shall take precedence and priority of payment of any mortgage or deed of trust, or other security given to secure the payments of bonds made by said railroad company; provided, any action brought under this section shall be commenced within twelve months from the time that said injury shall have been sustained." Gen. St. S. C. § 1528.

The Port Royal & Western Carolina Railroad Company was made up of the consolidation of other railroads; among them, the Augusta & Knoxville Railroad, extending from Augusta, Ga., to Greenwood, S. C. At the time of the consolidation, bonds secured by a mortgage of the whole road were issued, which relieved all outstanding obligations thereon, except a mortgage on that part

of it heretofore known as the Augusta & Knoxville Railroad. The date of this consolidated mortgage was 2d May, 1887; that of the Augusta & Knoxville Railroad was July 1, 1880. The act quoted above was approved 9th February, 1882.

There can be no doubt that this judgment, obtained and entered in a court of competent jurisdiction, is entitled to full faith and credit in this court, and cannot here be impeached or modified. The defendant has had its day in court, and the matter is res judicata. There also can be no doubt that so far as the Port Royal & Western Carolina Railway, and the bonds and mortgage made by it, are concerned,—chartered, as the company was, and issued, as the bonds and mortgages were, after the passage of the act of 1882,—they are subject to the provisions of this act. The petitioner having fulfilled the requirements of that act, her judgment relates back to the date when her cause of action arose; and it takes precedence and priority over the payment of this mortgage, and the bonds given therefor. But with respect to the mortgage of the Augusta & Knoxville Railroad Company, and the bonds secured by it, these were issued anterior to the passage of the act of 1882; and by them a first lien, by contract, was given over that road, to the bonds secured by this mortgage. It cannot be displaced by this act, for such a construction would impair the obligation of the contract. When this property went into the hands of a receiver of this court, it was, and for a long time had been, utterly insolvent, never having made any earnings sufficient to pay operating expenses. There had been no diversion, and nothing upon which the equity set up in Fosdick v. Schall, 99 U. S. 235, could operate, even were this claim among those favored by the court of equity.

These points present no difficulty. The priority of the petitioner over all the property not covered by the mortgage of the Augusta & Knoxville Railroad cannot be disputed. She asks, however, an immediate order for its payment, out of the funds now in the hands of the receiver, or out of such as may come into his hands. As we have seen, the property came into the hands of the receiver utterly insolvent. All earnings he has received are the earnings of the receivership, primarily to be appropriated to the expenses of the receivership. Besides this, the claim of the petitioner is not the only claim on those earnings, entitled to be paid therefrom in preference to all others. The act of assembly gives her a preference and priority over the bonds and the mortgage only. There may be others; indeed, there is a suit now pending of another in her class. They equally can come in with her. The past-due coupons of the Augusta & Knoxville Railroad have their claim upon a part of these earnings, to the extent which that road contributed thereto. The extent of this contribution may be seen from the fact that this Augusta & Knoxville Railroad commands the outlet of the system, —"is the neck of the bottle." The ascertainment of the proper proportion of these earnings to those coupons is manifestly a matter of intricate and difficult determination. It is impossible, therefore, at this time, to grant the prayer of the petition. The justice and validity of her claim, however, are recognized, and at the earliest

moment it will be provided for.    In any event she will be amply secured out of the proceeds of sale.    It is ordered, adjudged, and decreed that the judgment held by the petitioner, Dora Madden, is a proper claim against the property and franchises of the Port Royal & Western Carolina Railway Company; that said claim take priority and precedence over the mortgage of the said railway company, executed to the Central Trust Company of New York, bearing date 2d May, 1887, and over the bonds secured thereby; that in any order of sale hereafter to be made of said property and franchises this priority and preference must be provided for and secured; that the amount of said claim is $5,000, with interest from the 9th day of March, 1893, and costs, $97.45.